Warmoth v. Durand.

SALLIE WARMOTH

v.

WICKLIFFE B. DURAND et al.

[Filed January 6th, 1899.]

1. A bill was filed by one of the beneficiaries, under a voluntary settlement, for the sole purpose of establishing a trust in personal property alleged to have been originally created by a deed conveying the property and declaring the trust. Upon the facts established in the case—*Held*, that the deed was an absolute transfer.

2. A complainant seeking to establish a parol trust collateral to a deed conveying personal property absolutely, must formally allege the claim. It cannot be shown under a bill to establish a trust declared by the deed itself.

On bill, &c.

*Mr. James E. Howell*, for the complainant.

*Mr. Henry Young*, for the defendants.

EMERY, V. C.

The bill in this cause is filed by one of the beneficiaries under a voluntary settlement, for the sole purpose of establishing a trust in personal property alleged to have been originally created by a deed conveying the property and declaring the trust. This paper was subsequently destroyed by the joint act and consent of the donor, complainant's father, and the trustee, one of his sons, and the object of the bill is to establish trusts which are alleged to have been declared in favor of the four surviving children of the donor, and which entitled them to equal distribution of the property after the decease of the donor and his then wife, who died before the death of the donor. Subsequent to the destruction of the deed, the donor married again, and, by his will made after his second marriage, gave to his widow the

interest of the fund now in question, with remainder to his four children and their heirs equally, *per stirpes*.

The bill sets out the details of the alleged trusts declared in the deed, upon information derived from the donor and the trustee, but says (paragraph 8) that complainant may not have set out the full and complete particulars of the trust deed or the trusts declared therein, and asks an answer from the defendant trustee, setting out fully and particularly all the terms of the deed and all the trusts therein declared. The trustee, in his answer, admits the conveyance to him by writing of the donor's personal property, and says that this conveyance was upon the trusts alleged in the bill (repeating them), but that he does not know and cannot state whether the terms of the trust were embodied in the transfer or whether he executed a distinct and separate declaration of trust, or whether the declaration of trust was merely oral. He admits that the terms were correctly set out in the bill. This answer is signed by the trustee personally as well as by his solicitor.

The other answering defendants, the executor and widow of the donor, admit the execution by donor of an instrument in writing, transferring to his son, the trustee, the interest of the donor in the firm of Durand & Company, which constituted substantially his entire personal estate at the time of the transfer. The donor's interest in that firm was an indebtedness due from the firm to him of about $88,000, which he left with the firm on retiring from its membership about two years previously. This indebtedness appeared on the books of the firm as a credit to James M. Durand, the donor. These defendants allege that the instrument to transfer was an absolute sale and transfer of this indebtedness, and that it contained no trust provisions.

After the answer of the trustees, setting up that the trust might have been by parol, no application to amend the bill was made, for the purpose of either sole or alternative relief by establishing a parol trust, as controlling the terms of an absolute sale, and the cause came on for final hearing between complainant and the executor defendant, upon the issues as made up in their pleadings, so far as relates to the question of the manner

11

of the creation of the trust. The paper was drawn in January, 1882, and destroyed in June, 1886, and in relation to the form of the paper, two witnesses, who had actually seen the paper, and the only witnesses now living who had seen it, were called, the answering trustee for the complainant and the defendant executor. This executor is the solicitor who drew the paper and subsequently destroyed it in the presence of donor and the trustee. This destruction, he says, was made on his advice, and after reading over the paper for the special purpose of advising both donor and trustee as to whether there was any objection to destroying it. He advised them both that there was no objection to destroying the paper and putting the credit back in the donor's name, and that the easiest way was to tear up the paper and to put the credit back again. The paper was then destroyed in the presence of these three persons. The solicitor says that, according to his recollection, the deed was an absolute transfer and assignment to the donor's son and contained no trust provisions. This witness' recollection as to reading over the paper for the special purpose of considering the question of any objection to a retransfer to donor is positive and clear, and on this point the grantee's evidence is similar. It is urged that the solicitor's statement as to the contents of the paper is not positive, but only to his recollection. But the solicitor was a careful, intelligent lawyer of experience, and if the trust provisions alleged in the bill, or any similar provision, were in fact contained in the paper, he must have known, on reading it, that these *cestuis que trust* were interested in the preservation of the paper, and with this knowledge once impressed on his mind, he could never forget, as it seems to me, that he had advised the destruction of the evidence of their interests.

If the trust provisions were in fact there at the time he advised its destruction, his present statement that he has no recollection of the provisions must be, as it seems to me, intentionally false. I see no reason for thus impeaching his credibility. The grantee, on the other hand, now swears that the deed itself contained the terms of the trust, and he gives them substantially as alleged in the bill. Reliance on his testimony is, however, much shaken

by his previous signed answer on this point, and also by his present evidence as to the creation of a trust in the donor's real estate by the same paper.

Upon the whole evidence in the cause in relation to the form of the conveyance of the personal property by the donor to his son, and upon the question whether the deed, upon its face, was absolute or contained a declaration of trust, I reach the conclusion that the deed of conveyance was, upon its face, an absolute transfer. The complainant's effort to establish a trust created originally by a writing which has been destroyed must therefore fail, and her case, if she has one, must rest upon the establishment of a trust by parol, which was superadded to an absolute conveyance by deed. This trust so arising cannot be established under the present bill.

While it has been declared by our courts that parol trusts collateral to deeds conveying personal property absolutely may be enforced, it seems also to be settled that some principles of evidence, to be applied in establishing trusts which contradict the terms of the writings executed between the parties, are special to these cases (*Danser* v. *Warwick, 6 Stew. Eq. 133; affirmed, 7 Stew. Eq. 578*); and in some instances the omission of the parties to commit the terms of the trust to writing is a circumstance to be considered on the question whether the final and irrevocable form of the trust has been in fact decided upon. *Dipple* v. *Corles, 11 Hare 183, 187 (1853)*. The objection made by the defendants at the hearing, that on this bill the complainant cannot establish a parol trust controlling an absolute conveyance, is therefore not merely formal but affects, or may affect, defendants' substantial rights, and they are entitled to have a claim of this character formally alleged and tried.

On the pleadings and proofs as they now stand, I am constrained, therefore, to hold that the complainant's bill must be dismissed without prejudice, because she had failed to establish the existence of the written trust alleged in the bill. Before advising decree, however, I will allow complainant to apply for an amendment of the bill, if counsel desire, and will hear counsel as to the terms if the amendment should be allowed. At the

argument complainant's counsel claimed that the eighth paragraph of the bill was sufficient to cover a claim of parol trust *dehors* the deed, but I cannot so extend the plain words of this paragraph or the general scope of the bill.